Oswego Falls Corporation, Respondent, v. Intervale Farms, Inc., Appellant. Intervale Farms, Inc., Appellant, v. Sealright Company, Inc., and Oswego Falls Corporation, Respondents.— Order affirmed, with ten dollars costs and disbursements. Memorandum: Since neither of the original motions for change of venue was made on the ground of convenience of witnesses, the order was proper. The first time that convenience of witnesses was urged as a basis for the motion was when the Intervale Farms, Inc., made an informal motion on that ground on the return of the order to show cause that was brought on in the Fifth [Judicial] District. Thereby the Intervale Farms, Inc., consented to have that motion considered and determined in the Fifth [Judicial] District. All concur. (The order denies motion of Intervale Farms, Inc., for change of venue for convenience of witnesses.) Present — Crosby, P. J., Cunningham, Taylor, Harris, and McCurn, JJ.

In the Matter of the Judicial Construction of the Last Will and Testament of Cornelia F. Jackson, Deceased.— Decree so far as appealed from affirmed, with one bill of costs to the respondents payable out of the estate. All concur. (The portion of the decree appealed from construes the will of the decedent in a proceeding to construe a paragraph thereof.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

County of Oneida, Appellant, v. Mary L. Pryor Blake, John Gavin and Gladys Gavin, His Wife, Respondents.— Order reversed on the law and facts, without costs, and the matter remitted to the commissioners of appraisal for a rehearing in accordance with the memorandum. Memorandum: This is an appeal from an order confirming the report of the commissioners of appraisal in a condemnation proceeding. The commissioners report that they find the fair market value of the entire property before the appropriation to be $13,700; and the fair market value of the remainder after the appropriation to be $11,470. The difference is $2,230. They find the fair market value of the land actually appropriated to be $1,250. They award damages for $2,230 plus $1,250, a total of $3,480. Our understanding of the language of the report is that all items of consequential damage have been considered in arriving at the fair market value of the part remaining after the taking. If there is any such item not so included the report should so state, specifying such item or items and the amount of damage awarded on account of each. The difference in market value before and after includes the fair market value of the part appropriated. An award which includes the value of the part appropriated plus the difference in market value before and after the appropriation results in the giving of double damages. The order is reversed and the matter remitted to the commissioners of appraisal for further consideration and report in accordance with this memorandum. All concur. (The order confirms the report of the commissioners of condemnation, denies the application of the county to have the report referred back for correction and awards defendants certain sums in a condemnation proceeding.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.